**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

AZITA ZENDEL, Plaintiff,

v.

ABC VIDEO PRODUCTIONS, et al., Defendants.

NO. CV 10-2889-VBF(Ex)

REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This Report and Recommendation is submitted to the Honorable Valerie Baker Fairbank, United States District Judge, pursuant to 28 U.S.C. section 636 and General Order 05-07 of the United States District Court for the Central District of California.

**INTRODUCTION**

For many months, and continuing to the present date, Plaintiff[1] has failed and refused to give Defendants basic discovery to which the Defendants are entitled. More than once, the Court ordered Plaintiff

[1] "Plaintiff," as used herein, refers to Plaintiff Azita Zendel, the only remaining plaintiff in this case.

to provide this discovery. The Court imposed monetary sanctions on Plaintiff for failing to comply with the Court's order and for unreasonably causing Defendant ABC Video Productions ("ABC") to incur expenses in bringing a discovery motion. Plaintiff is in continuing violation of the Court's various discovery orders, including the order for sanctions. On more than one occasion, the Court has warned Plaintiff that failure timely to provide the ordered discovery might result in the imposition of terminating sanctions against Plaintiff. Still, Plaintiff has failed timely to provide the discovery to which Defendants are entitled. As discussed below, terminating sanctions are now appropriate.

**FACTUAL FINDINGS**

Plaintiff filed this action on April 19, 2010. Plaintiff contends that, through an episodic television program entitled "Ugly Betty," Defendants infringed Plaintiff's asserted copyrights in a screenplay entitled "Silent Partners" and a motion picture entitled "Controlled Chaos."

On December 22, 2010, Defendants ABC, Touchstone Television, Reveille Productions, and Ventanarosa Productions served on Plaintiff Defendants' first set of requests for production of documents. These requests sought basic discovery relevant to Plaintiff's claims and Defendants' defenses. On December 22, 2010, ABC served on Plaintiff its first set of interrogatories. These interrogatories sought basic discovery relevant to Plaintiff's claims and the Defendants' defenses, including the discovery of Plaintiff's contentions regarding alleged

similarities between “Ugly Betty” and Plaintiff’s alleged works.

In early 2011, Plaintiff failed to produce a single document in response to the request for production, and provided patently inadequate responses to the interrogatories. Plaintiff failed to cooperate in Local Rule 37 procedures leading up to a motion to compel.

On March 8, 2011, Defendant ABC Video Productions filed “Defendant ABC Video Productions’ Motion to Compel Discovery Responses and Document Production By Plaintiff Azita Zendel, etc.” (“the March Motion”), noticing a hearing to occur on April 8, 2011.

On March 24, 2011, Plaintiff filed an ex parte application seeking a continuance of the April 8, 2011 hearing. By Minute Order dated March 29, 2011, the Court permitted additional briefing concerning the March Motion, but refused to continue the April 8, 2011 hearing.

Plaintiff failed to appear for the April 8, 2011 hearing, although Plaintiff filed another ex parte application and a motion for protective order on April 8, 2011.

By Minute Order dated April 11, 2011, the Court ruled on the March Motion and on Plaintiff’s April 8 ex parte application and motion. The Court granted the March Motion in substantial part, and denied Plaintiff’s April 8 application and motion in substantial part. The Court ordered that Plaintiff serve supplemental answers without

objection to Interrogatories Nos. 1, 2, 3, 4, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 18 on or before May 9, 2011. The Court also ordered that Plaintiff produce on or before May 9, 2011, all documents within Plaintiff's possession, custody or control that are responsive to certain requests for production, as specified in the April 11, 2011 Order. Although Plaintiff had not sufficiently supported any request for a protective order, out of an abundance of caution, the Court ordered that "use of the interrogatory answers served and the documents produced in response to this Order shall be limited to use for purposes of this litigation only." Contrary to Plaintiff's subsequent arguments, this protective order was binding on all Defendants, not just on ABC. The Court's April 11, 2011 Order denied the March Motion's request for sanctions, but cautioned Plaintiff "that failure timely to comply fully with this Order may result in the imposition of severe sanctions, including, without limitation, monetary sanctions, preclusion sanctions, and/or dismissal with prejudice of all of Plaintiff's claims."

On May 3, 2011, Plaintiff filed an ex parte application seeking reconsideration of the April 11, 2011 Order. The Court denied this application by Minute Order dated May 4, 2011.

When the May 9, 2011 deadline in the April 11, 2011 Minute Order expired without counsel for Defendants having received <u>any</u> supplemental responses from Plaintiff, counsel for Defendants sent Plaintiff an email indicating that responses had not been received (<u>See</u> Declaration of Vincent Cox, filed June 3, 2011, and exhibits thereto). On May 12, 2011, counsel for Defendants sent Plaintiff a

letter, by mail and email, reiterating that no supplemental responses had been received and demanding Plaintiff's cooperation in Local Rule 37 procedures. Plaintiff then spoke with counsel for Defendants, promising to meet with him on May 21. Id. In this conversation, Plaintiff did not claim that she already had served supplemental responses. Id. On May 21, 2011, approximately an hour and a half before the scheduled meeting, Plaintiff sent an email to counsel for Defendants advising him that Plaintiff would not appear for the meet and confer. Id. In this email, Plaintiff did not claim that she previously had served any supplemental responses. Id.

Meanwhile, Defendants attempted without success to take Plaintiff's deposition. Counsel for Defendants acceded to Plaintiff's selection of the date of May 27 for her deposition (See Declaration of Vincent Cox, filed June 21, 2011, and exhibits thereto). However, on May 26, 2011, Plaintiff sent an email to counsel for Defendants requesting a rescheduling of the deposition. Id. Neither in that email or at any other time prior to May 27, 2011, did Plaintiff communicate to counsel for Defendant any reason for the eleventh hour request for the rescheduling. Id. By return email on May 26, 2011, counsel for Defendants complained that "you apparently won't give me an explanation for your refusal to attend your own deposition that I set on the date you expressly requested . . ." Id. Counsel for Defendants declined to reschedule the deposition, and Plaintiff failed

to appear for the deposition on May 27, 2011. Id.[2]

On June 3, 2011, ABC filed a "Motion to Compel Plaintiff Azita Zendel to Comply with This Court's 4/11/11 Order and for Monetary and Evidentiary Sanctions, Including Dismissal" ("the Motion Re 4/11/11 Order"). The Motion Re 4/11/11 Order noticed a hearing for July 1, 2011.

On June 10, 2011, Plaintiff filed a Declaration in which she requested that the Motion Re 4/11/11 Order be taken off calendar. In this Declaration, Plaintiff also, and for the first time, contended that she in fact had served supplemental responses to the interrogatories and the request for production by mail on May 6, 2011.[3]

By Minute Order dated June 14, 2011, the Court denied Plaintiff's request that the Motion Re 4/11/11 Order be taken off calendar, and ordered that, on or before June 21, "Plaintiff shall file with the Court exact copies of the supplemental interrogatory responses and supplemental document production Plaintiff claimed to have served by mail on May 6, 2011."

///

---

[2] Plaintiff's failure to appear violated her discovery obligations under the federal rules. See Pioche Mines Consolidated, Inc. v. Dolman, 333 F.2d 257, 269 (9th Cir. 1964), cert. denied, 380 U.S. 956 (1965).

[3] Although Plaintiff has purported to serve by mail numerous papers on counsel for Defendants during this case, counsel for Defendants has received almost none of these papers by mail. See Declaration of Robin Black, filed June 17, 2011.

Plaintiff failed to comply with the June 14, 2011 Minute Order, but did file, on June 21, 2011, a "Motion to Take Leave for Permission to File Under Seal, etc." The Court issued a Minute Order on June 22, 2011, ordering that Plaintiff file *under seal* the documents ordered to be filed by the Court's June 14, 2011 Minute Order. The Court ordered that this *under seal* filing take place no later than June 24, 2011. The Court also ordered that Plaintiff serve or re-serve on counsel for Defendants copies of all of those documents. Plaintiff failed timely to comply with the June 22, 2011 Order.

On June 24, 2011, Plaintiff filed a "Motion for Stay of Judge Eick's April 11, 2011, June 14, 2011 and June 22, 2011 Orders." The Court denied this motion by Minute Order dated June 27, 2011, ordered immediate compliance with the June 22, 2011 Minute Order and reiterated that the July 1, 2011 hearing of the Motion Re 4/11/11 Order remained on calendar.

Nevertheless, Plaintiff failed to appear at the July 1, 2011 hearing. In a July 1, 2011 Minute Order, the Court *sua sponte* afforded Plaintiff another opportunity to be heard (in writing) regarding the Motion Re 4/11/11 Order, permitting additional papers to be filed on or before July 8, 2011.

Plaintiff attempted to file certain documents on July 8, 2011, which the Court did not receive in chambers until after issuing a Minute Order dated July 11, 2011. After considering these documents, which eventually were filed on July 11 and 12, 2011, the Court withdrew the July 11, 2011 Minute Order and issued a superseding

Minute Order dated July 12, 2011.

This July 12, 2011 Minute Order found that the documents Plaintiff claimed to have served previously as supplemental responses to interrogatories and a supplemental document production were so patently violative of the April 11, 2011 Minute Order as to fail to reflect any good faith effort to comply with that Order. For example, Plaintiff had been ordered to serve answers and to produce documents without objection. Nevertheless, Plaintiff interposed numerous objections in the purported supplemental responses. For further example, the April 11, 2011 Order required Plaintiff to "set forth each similarity" requested in Interrogatories Nos. 1, 2, 3, 4, 7, 8, 9, 10, 11, 12, 13 and 14. Yet, Plaintiff's purported supplemental interrogatory responses failed to set forth <u>any</u> similarity in response to <u>any</u> of those interrogatories. Rather, Plaintiff's purported answers merely asserted in a conclusory fashion that there allegedly exist unspecified similarities between Plaintiff's movie or screenplay and (all) 84 listed episodes of "Ugly Betty." With regard to the purported document production, the July 12, 2011 Minute Order observed that Plaintiff had effected the production of only two documents ("a VHS copy of 'Controlled Chaos'" and "an earlier version of the screenplay of 'Silent Partners'"). The Court stated, "[i]t strains credulity to suggest that Plaintiff lacks possession, custody or control of any of the other documents the Court ordered Plaintiff to produce." The Court further observed that Plaintiff previously had represented to the Court that she needed to fly to London and New York to obtain documents she had been ordered to produce. Yet, Plaintiff produced only two additional documents.

The July 12, 2011 Minute Order also noted that Plaintiff had purported to take an appeal to the Ninth Circuit from non-appealable discovery orders, and that the Ninth Circuit had dismissed Plaintiff's purported appeal for lack of jurisdiction.

The July 12, 2011 Minute Order ruled on part of the Motion Re 4/11/11 Order by imposing monetary sanctions on Plaintiff "to be paid on or before July 19, 2011" and ordering that Plaintiff comply fully (albeit belatedly) with the April 11, 2011 Minute Order on or before July 19, 2011. The July 12, 2011 Minute Order warned Plaintiff that "[f]ailure to comply with the present order may result in the imposition of more drastic sanctions, including, without limitation, preclusion sanctions and/or the dismissal with prejudice of any or all of Plaintiff's claims." The July 12, 2011 Order also scheduled further oral argument on the remainder of the Motion Re 4/11/11 Order for July 22, 2011.

By separate Minute Order, also dated July 12, 2011, the Court denied "Plaintiff's Ex Parte Application for Extension of Time, etc.," filed July 12, 2011.

Also scheduled for hearing on July 22, 2011, was "Defendant ABC Video Productions' Motion to Compel Plaintiff Azita Zendel to Appear for her Deposition and for Monetary and Evidentiary Sanctions, Including Dismissal" ("the Deposition Motion"), filed June 21, 2011. ABC filed the Deposition Motion unilaterally, after Plaintiff again failed to cooperate in Local Rule 37 procedures. Plaintiff belatedly filed opposition to the Deposition Motion on July 12, 2011, and on

July 22, 2011.

Although the Court's July 12, 2011 Minute Order had ordered Plaintiff to comply fully with the April 11, 2011 Order on or before July 19, 2011, Plaintiff failed to do so. Although the July 12, 2011 Minute Order had ordered Plaintiff to pay monetary sanctions on or before July 19, 2011, Plaintiff failed to pay any part of the ordered sanctions.[4]

Plaintiff failed to appear at the July 22, 2011 hearings on the Deposition Motion and on the remainder of the Motion Re 4/11/11 Order, although Petitioner filed additional papers on July 22, 2011.

///

///

---

[4] Plaintiff repeatedly has challenged the adequacy of notice. There is no requirement under Rule 37(b) of the Federal Rules of Civil Procedure mandating a noticed motion or an opportunity to be heard before sanctions, including terminating sanctions, may be imposed. See Dreith v. Nu Image, Inc., ___ F.3d ___, 2011 WL 2811226, at *6 (9th Cir. July 19, 2011). Nevertheless, the Court has afforded Plaintiff multiple opportunities to be heard, orally and in writing, in connection with ABC's motions, as well as opportunities to comply belatedly with the Court's April 11, 2011 Order. See also L.R. 6-1 (providing standard of 28-31 days notice for a unilaterally filed motion, but also stating that "[t]he Court may order a shorter time").

After repeatedly violating the Court's orders, on July 19, 2011, Plaintiff filed "Plaintiff Azita Zendel's Objections to and Request/Petition for Review of Judge Charles F. Eick's Oral and Written Orders of 3/29/11, 4/8/11, 4/11/11, 5/4/11, 6/14/11, 6/22/11, 6/27/11, 7/1/11, 7/5/11, 7/11/11 and 7/12/11." This request for review, which is untimely as to, inter alia, the April 11, 2011 Order, has no impact on the effectiveness of any of the Court's orders. See L.R. 72-2.

Defendant ABC reasonably expended $3,221.00 in attorneys' fees and costs in connection with the Deposition Motion. Plaintiff's opposition to the Deposition Motion lacked substantial justification and there are no other circumstances that would make an award of expenses unjust.

**ANALYSIS AND FURTHER FINDINGS**

The pertinent facts essentially speak for themselves. Plaintiff has engaged in willful, repeated, bad faith discovery abuse. The abuse has included repeated violations of multiple Court orders, despite pointed warnings and monetary sanctions. The abuse has denied Defendants the opportunity to obtain basic discovery and follow-up discovery for purposes of planning a summary judgment motion or preparing for trial.

Rule 37(b)(2) of the Federal Rules of Civil Procedure authorizes the sanction of dismissal against parties who disobey a court's discovery orders. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639 (1976); Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir. 1981). To justify the imposition of case-dispositive sanctions, the Court must find that the discovery violations were due to "willfulness, bad faith, or fault of the party." Commodity Futures Trading Commission v. Noble Metals International, Inc., 67 F.3d 766, 770-71 (9th Cir. 1995), cert. denied, 519 U.S. 815 (1996) (citations and internal quotations omitted); see also Societe Internationale v. Rogers, 357 U.S. 197, 212 (1958). Disobedient conduct not outside the control of the litigant is all that is required to demonstrate

willfulness, bad faith or fault. Henry v. Gill Industries, Inc., 983 F.2d 943, 948-49 (9th Cir. 1993) (citation and internal quotations omitted). In evaluating the propriety of sanctions, the Court considers "all incidents of a party's misconduct." Adriana International Corp. v. Thoeren, 913 F.2d 1406, 1411 (9th Cir. 1990), cert. denied, 498 U.S. 1109 (1991) (citation omitted).

The Ninth Circuit has identified five factors that a court must consider when asked to impose the sanction of dismissal: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the party seeking dismissal; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1385 (9th Cir. 1988). "These factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation and internal quotations omitted). Consideration of these factors yields the conclusion that the Court should impose the ultimate sanction of dismissing Plaintiff's claims against all Defendants.

Factors 1 and 2 obviously militate in favor of granting dismissal. As to Factor 3, Plaintiff's discovery abuse significantly has prejudiced the Defendants in their efforts to advance the defense of this case. The discovery willfully withheld by Plaintiff is central, rather than peripheral, to the issues in this case.

Plaintiff's discovery abuse has made the Defendants' defense preparations practically impossible. See In re Exxon Valdez, 102 F.3d 429, 433 (9th Cir. 1996) (plaintiffs' "total failure to respond to discovery and the time consumed by attempting to secure compliance" show prejudice); see also Payne v. Exxon Corp., 121 F.3d 503, 508 (9th Cir. 1997) (finding prejudice where "plaintiffs' repeated failure to provide documents and information in a timely fashion prejudiced the ability of [defendants] to prepare their case for trial") (citation omitted). In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1236 (party's refusal to produce evidence in discovery supporting that party's claim presumptively shows the claim is meritless). Beyond demonstrations of specific prejudice, the Court may presume from the length of the delay in the present case that the Defendants' ability to present its defense has suffered. See, e.g., Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991).

Although ABC was the only Defendant who filed discovery motions, other Defendants joined in propounding the first set of requests for production and all Defendants (each of whom is represented by the same counsel) have been relying on ABC in the pursuit of discovery against Plaintiff. Therefore, all Defendants are similarly situated with regard to these issues. See Payne v. Exxon Corp., 121 F.3d 503, 509-10 (9th Cir. 1997).

Factor 4, the public policy favoring disposition of cases on the merits, usually weighs against dismissal. However, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward

resolution on the merits." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1228. Thus, the fourth factor is entitled to little weight where a plaintiff completely refuses to cooperate in discovery. See id. (fourth factor "lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction") (citation and internal quotations omitted); In re Exxon Valdez, 102 F.3d at 433 (policy favoring disposition on merits of little weight in light of parties' "total refusal to provide discovery"). "Noncompliant plaintiffs bear responsibility for halting movement towards a merits resolution." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1237.

With respect to Factor 5, the Court previously imposed less drastic sanctions for Plaintiff's discovery abuses, without any apparent effect. The Court ordered discovery compliance, imposed monetary sanctions, and warned of a terminating sanction upon further noncompliance. Nevertheless, noncompliance continued, suggesting the futility of sanctions lesser than a terminating sanction.

The egregious circumstances of the present case parallel those found in Toth v. Trans World Airlines, Inc.:

> Dismissal of this action was based on appellants' continued refusal to respond to requests to produce; they continued to refuse even after the Court had ordered their responses. The record contains substantial evidence of long and unjustified delays in responding to discovery requests and

> noncompliance with judicial orders. We find this evidence relevant to the considerations of expeditious resolution of litigation, docket management, and prejudice, and support the district court's order. The district court considered, and indeed instigated, less drastic sanctions, but to no avail. While the public policy favoring disposition on the merits [Factor 4] weighs against dismissal, it is not enough to preclude a dismissal order when the other four factors weigh as heavily in favor of dismissal as they do in this case.

Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1385 (9th Cir. 1988) (emphasis added).

Sanctions less than terminating sanctions would be inadequate to undo the prejudice to Defendants. However, the Court should require Plaintiff to pay monetary sanctions in connection with the Deposition Motion. ABC should not be required to bear the monetary burden of Plaintiff's continuing discovery abuse. See Fed. R. Civ. P. 37(a)(5)(A).

///

///

///

///

///

///

///

///

**RECOMMENDATION**

For all of the reasons discussed above, the Magistrate Judge recommends that the Court issue an Order:

(1) dismissing with prejudice all of Plaintiff's claims against all Defendants; and

(2) ordering that Plaintiff pay to Defendant ABC the total sum of $3,221.00.

DATED: July 25, 2011.

_________________/S/_________________
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AZITA ZENDEL,<br>Plaintiff,<br>v.<br>ABC VIDEO PRODUCTIONS, et al.,<br>Defendants. | NO. CV 10-2889-VBF(Ex)<br><br>ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. section 636, the Court has reviewed all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. The Court approves and adopts the Magistrate Judge's Report and Recommendation.

IT IS ORDERED that Plaintiff's claims against all Defendants are dismissed with prejudice.

IT IS FURTHER ORDERED that Plaintiff shall pay to ABC the total sum of $3,221.00.

///

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Magistrate Judge's Report and Recommendation on Plaintiff and on all counsel of record.

DATED: ________________________________, 2011.

________________________________________
VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE